B. A. SMITH

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

FEES AND SALARIES—*Dental Board.* Claimant rendered services as a member of the Dental Board and incurred certain expenses in connection therewith for which he has not been paid. *Held,* that an award should be made.

Fred B. Hamill, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant in this case was a member of the Illinois State Board of Dental Examiners, having served on said Board from August 22, 1913, until August 9, 1915. He received as compensation the sum of $10.00 for each day actually engaged in the duties of the office for all legitimate and necessary expenses incurred in attending the meeting of the said board. The salary and expenses of the different members of the board were paid from the fees, fines, and penalties received and recovered by the board in connection with their work.

It was provided by the Statute creating the Board of Dental Examiners that no part of expense incurred by the said board should be paid out of the State Treasury, but later, upon the advice of W. H. Stead, former Attorney General of the State, it was decided that all moneys collected by the board should be paid into the State Treasury and that warrants covering the salaries and expenses of the different members should be paid by warrants drawn by the Auditor of State, directed to the State Treasurer.

This plan was adopted, and from that time on all moneys received by the board have been turned into the State Treasury.

On July 8, 1915, the Auditor of Public Accounts issued a warrant directed to the State Treasurer, payable to claimant for the sum of $178.51, which warrant was duly countersigned by the State Treasurer, and delivered to claimant by the Auditor in payment of claimant's salary and expenses. The warrant in question was issued on account of a deficiency and payment was refused by reason of a certain injunction proceedings instituted in the Circuit Court of Sangamon County, Illinois. Later, on September 27, 1915, claimant received from the Auditor a second warrant for $340.00, which was duly signed by the State Treasurer.

The latter warrant was drawn against a regular appropriation which was included in the Omnibus Bill approved June 29, 1915, in

—4 C C

force July 1, 1915.    This bill so far as it attempted to appropriate moneys for the payment of salaries of officers of the State Government was afterward declared unconstitutional by the Supreme Court of this State in the case of *J. B. Fergus et al* v. *Andrew Russell et al,* 270 Ill. 304, and by the final decree in that case the State Treasurer was enjoined from paying any warrants that were declared to be unconstitutional and void.

No claim is made that claimant failed to perform his duties in accordance with the statute authorizing his appointment nor is there any question regarding the correctness and justice of his claim.

Having performed his duties we believe that he should be compensated, and we accordingly make an award in favor of the claimant for $518.51.